UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
BRIAN JAY VON ALLMEN,

    Plaintiff,

v.

F/V ANDRONICA, Official No. 622780, her engines, tackle and appurtenances, and

F/V JULIA LEE, Official No. 664893, her engines, tackle and appurtenances,

*In Rem*;

ANDRONICA, INC, and JULIA LEE FISHING CO.,

*In Personam*,

    Defendants.
_____

Case No. C04-0550L

ORDER DENYING DEFENDANT ANDRONICA INC.'S MOTION IN LIMINE TO EXCLUDE TESTIMONY THAT THE COLLISION BETWEEN THE F/V ANDRONICA AND F/V JULIA LEE CAUSED DAMAGE TO THE JULIA LEE'S ANCHOR LIGHT

    This matter comes before the Court on "Defendant Andronica Inc.'s Motion in Limine to Exclude Testimony that the Collision between the F/V Andronica and F/V Julia Lee Caused Damage to the Julia Lee's Anchor Light" (Dkt. # 27) ("Motion"). It is undisputed that the Julia Lee's anchor light was not functioning after the allision between the Andronica and the Julia Lee. See Julia Lee Fishing Company's Response at 2. Julia Lee Fishing Co. ("JLF") plans to

ORDER DENYING DEFENDANT ANDRONICA INC.'S
MOTION IN LIMINE TO EXCLUDE TESTIMONY THAT
THE COLLISION BETWEEN THE F/V ANDRONICA AND
F/V JULIA LEE CAUSED DAMAGE TO THE JULIA LEE'S
ANCHOR LIGHT- 1

offer testimony concerning the likelihood that the allision caused the filament in the anchor light to break. Andronica Inc. seeks to exclude this testimony because JLF's expert was neither on board at the time of the allision, nor did he conduct any scientific testing to determine the likelihood of the filament breaking.[1]

Defendant Andronica Inc. misconceives the nature of the opinions of JLF's expert, Captain Harry Dudley. His report does not opine that the anchor light was on at the time of the allision and therefore, the light must have broke at impact. Instead, he opines that in his past experience, the shock of impact can cause light bulbs to burn out or break. See Declaration of William A. Keller in Support of Motion in Limine RE: Anchor Light, Ex. F at 9 (arguing "if the light were on just prior to the allision, there is a strong possibility that the allision could have broken the filament and caused the light to become extinguished"). This is admissible evidence regarding which Andronica Inc. will be able to cross-examine Captain Dudley. Moreover, Andronica Inc. remains free to offer contradictory evidence regarding the likelihood that an impact could cause breakage.

For the foregoing reason, Defendant Andronica Inc.'s Motion in Limine to Exclude Testimony that the Collision between the F/V Andronica and F/V Julia Lee Caused Damage to the Julia Lee's Anchor Light (Dkt. # 27) is DENIED.

DATED this 18th day of May, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Andronica Inc.'s motion also seeks to exclude testimony from plaintiff's expert on the same issue. Plaintiff has represented that his expert will not testify to the likelihood of the allision causing the light to break. See Plaintiff's Response at 2.

ORDER DENYING DEFENDANT ANDRONICA INC.'S
MOTION IN LIMINE TO EXCLUDE TESTIMONY THAT
THE COLLISION BETWEEN THE F/V ANDRONICA AND
F/V JULIA LEE CAUSED DAMAGE TO THE JULIA LEE'S
ANCHOR LIGHT- 2